﻿Citation Nr: AXXXXXXXX
Decision Date: 01/22/20 Archive Date: 02/06/20

DOCKET NO. 190612-22676
DATE: January 22, 2020

ORDER

Entitlement to recognition as the Veteran’s surviving spouse for the purpose of qualifying for VA death benefits is denied.

FINDING OF FACT

The Appellant and the Veteran were legally divorced in November 2007, and they did not remarry prior to the Veteran’s death in February 2011.

CONCLUSION OF LAW

The criteria for recognition of the Appellant as the Veteran’s surviving spouse for purpose of qualifying for VA death benefits have not been met. 38 U.S.C. §§ 101, 1102, 1304, 1541; 38 C.F.R. §§ 3.1, 3.50, 3.53, 3.54.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from December 1974 to September 1992. He died in February 2011. The Appellant filed a claim seeking VA death pension benefits in January 2019.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 administrative decision that denied the Appellant recognition as the Veteran’s surviving spouse for the purpose of qualifying for VA death benefits.

This appeal is subject to the provisions of the Appeals Modernization Act (AMA). The Appellant selected direct review by a Veterans Law Judge on her June 2019 notice of disagreement (VA Form 10182), which allows the Board to review only the evidence considered by the Agency of Original Jurisdiction.

Finally, the Board notes the Appellant has appointed an individual as her representative pursuant to the provisions of 38 C.F.R. § 14.630, as noted on the first page of this decision.

Surviving Spouse Status

When a veteran dies, his or her surviving spouse may be eligible for certain VA death benefits, to include dependency and indemnity compensation, death pension, and accrued benefits. See 38 U.S.C. §§ 1102, 1304, 1310, 1541. Consequently, “surviving spouse” status is a threshold determination in VA death benefit cases.

For VA purposes, a surviving spouse is defined as a person whose marriage to a veteran meets the requirements of 38 C.F.R. § 3.1(j) and who was the spouse of the veteran at the time of the veteran’s death; and (1) who lived with the veteran continuously from the date of marriage to the date of the veteran’s death except where there was a separation which was due to the misconduct of, or procured by, the veteran without fault of the spouse; and (2) has not remarried or has not since the death of the veteran lived with another person and held himself or herself out openly to the public to be the spouse of such other person. 38 C.F.R. §§ 3.50(b), 3.53.

Here, the record establishes the Appellant and the Veteran were not married at the time of his death in February 2011. The Appellant reported on her application for death benefits that her marriage to the Veteran ended in divorce. A divorce decree shows the Appellant and the Veteran divorced in November 2007. The Appellant does not question the validity of the divorce. In a March 2019 written statement, she reported that she moved back to Thailand after the divorce to care for her parents and does not currently have a job or other income. She stated that, after the marriage ended, the Veteran did not provide her with any money.

The Board finds there is no dispute here as to the facts. The Appellant and the Veteran divorced in November 2007, and they did not remarry each other prior to the Veteran’s death in February 2011. As a result, the Appellant does not qualify as a “surviving spouse” under 38 C.F.R. § 3.50 and is not eligible for VA death benefits based on the Veteran’s service. The Board is sympathetic to the Appellant’s financial situation, but VA cannot pay a benefit that has not been authorized by Congress. See Smith v. Derwinski, 2 Vet. App. 429, 432-33 (1992). Thus, the law is dispositive in this matter, and the appeal must be denied.

 

 

L. S. KYLE

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Josey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.